Opinion filed June 12, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed June 12,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00123-CV

                                                    __________

 

                              CAROL JOHNENE MORRIS, Appellant

 

                                                             V.

 

                                     JEB
HUGHES ET AL, Appellees

 



 

                                  On
Appeal from the County Court at Law No. 2

 

                                                        Midland
County, Texas

 

                                                Trial
Court Cause No. CC 14303

 



 

                                              M
E M O R A N D U M   O P I N I O N

 The
trial court entered an order sustaining a contest to Carol Johnene Morris=s affidavit of inability to
pay costs.  From that order, Morris filed this pro se appeal complaining of the
trial court=s denial
of her right to proceed in forma pauperis on appeal.  We vacate the order and
dismiss the appeal.








On
May 12, 2008, this court notified the parties that, upon review of the clerk=s record, it appeared that
the contest was untimely and that the appeal was moot.  Pursuant to Tex. R. App. P. 42.3, we requested the
parties to respond showing grounds to continue the appeal and showing why the
appeal is not moot.  We have not received any response indicating that this
appeal is not moot or that the contest was timely.  

Carol
Johnene Morris has filed three pro se appeals stemming from the trial court=s Cause No. CC 14303.  The
first, our Cause No. 11-07-00368-CV, was an attempted appeal from an order
denying a motion to recuse.  We dismissed that cause for want of jurisdiction
on January 10, 2008, and we no longer possess plenary power over that appeal.  See
Tex. R. App. P. 19.1.  Then, on
February 19, 2008, Morris filed an appeal from an order rescinding a prior
order granting an extension of time.[1]  Third, on
February 27, 2008, Morris filed the appeal at issue in this opinion, our Cause
No. 11-08-00123-CV, which is an appeal from the trial court=s February 21, 2008 order
sustaining a contest to Morris=s
affidavit of inability to pay costs on appeal.

After
reviewing the clerk=s
record filed in this court regarding the indigency contest, we have concluded
that the contest was untimely.  The affidavit of indigency contained in the
clerk=s record in
Cause No. 11-08-00123-CV is Morris=s
affidavit of indigency filed in regard to her appeal from the denial of her
motion to recuse, our Cause No. 11-07-00368-CV.  The affidavit was filed
December 17, 2007, and the court reporter=s
contest was not filed until February 12, 2008, after this court had dismissed
the appeal in Cause No. 11-07-00368-CV for want of jurisdiction.  The trial
court nonetheless held a hearing on the contest on February 19, 2008, and
subsequently entered an order sustaining the contest.

Because
the contest was not timely under Tex. R.
App. P. 20.1(e), the trial court should not have held the hearing or
sustained the contest.  Tex. R. App. P.
20.1(f).  Pursuant to Rule 20.1(f), when a contest is not timely filed, the
allegations in the affidavit of indigency are deemed true, and the party will be
allowed to proceed without advance payment of costs.  Our records reveal that
Morris was not required to pay costs in the appeal from the denial of the
motion to recuse B our
Cause No. 11-07-00368-CV.  Because Morris was allowed to proceed in forma
pauperis in the appeal for which the contest was belatedly sustained, her
appeal relating to that contest is moot.[2] 









The
trial court=s February
21, 2008 order sustaining the indigency contest is vacated, and this appeal is
dismissed as moot.

 

 

PER CURIAM

 

June 12, 2008

Panel consists of:  Wright, C.J.,

McCall, J., and
Strange, J.









[1]We note that the second attempted appeal, our Cause No.
11-08-00122-CV, was dismissed for want of jurisdiction on May 22, 2008. 





[2]We express no opinion as to the merits of the contest,
and we note that the contest and affidavit of indigency addressed in this
opinion relate only to the appeal of the denial of the motion to recuse B Cause No. 11-07-00368-CV.